UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Cause No. | 1:16-cr-161-TWP-DKL |
| | ) | | |
| JAMES DUNVILLE, | ) | | - 01 |
| | ) | | |
| Defendant. | ) | | |

## REPORT AND RECOMMENDATION

On March 16, 2023, the Court held a hearing on the Petition for Warrant for Offender Under Supervision filed on July 1, 2021. Defendant appeared in person with his appointed counsel Joseph Cleary. The government appeared by Kelsey Massa, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Brian Bowers.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant of his rights and provided him with a copy of the petition. Defendant orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant admitted to violation number 1 and 2. [Docket No. 66.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

**Violation**
**Number**      **Nature of Noncompliance**

1. **"You shall not commit another federal, state, or local crime."**

    On June 1, 2021, Mr. Dunville was charged with Unlawful Possession of a Firearm by a Serious Violent Felon in Marion County, Indiana, under docket number 49D32-2106-F4-016826. According to the probable cause affidavit, on April 20, 2021, police officers were called to Mr. Dunville's residence after witnesses reported he shot a victim in the neck. He was arrested on June 23, 2021.

2. **"You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon."**

    On April 20, 2021, Mr. Dunville possessed a firearm and shot a victim in the neck.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is III.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5. The government argued for a sentence of 18 months. Defendant's counsel argued for a sentence within the guidelines and would include credit for time served in State Court custody. Defendant requested placement at medical facility closest to Indianapolis.

The Magistrate Judge, considered the factors in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense involving the discharge of a firearm, the criminal history and characteristics of the Defendant, and the need for the sentence to reflect the seriousness of the offense, all as more fully set forth on the record, and therefor the Court finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 14 months with no supervised release to follow.

The Magistrate Judge will make a recommendation of placement at a medical facility closest to Indianapolis, Indiana.

Defendant reviewed the above noted conditions with his attorney.

Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Date: 3/20/2023

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system